EGS

**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

MM

*Counsel for Plaintiff*

19-3081

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMANDA CARTER**<br>**3305 Wyoming Drive**<br>**Sinking Spring, PA 19608**<br>**Plaintiff,** | : | **Civil Action No.** |
| **v.** | : | **Complaint and Jury Demand** |
| **WAWA, INC.**<br>**3337 Penn Avenue**<br>**West Lawn, PA 19609**<br><br>**Red Roof, 260 W. Baltimore Pike**<br>**Wawa, PA 19063**<br>**Defendant.** | : | |

2019 JUL 15 P 3:40
USDC-EDPA
REC'D CLERK

**CIVIL ACTION**

Plaintiff, Amanda Carter (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, brings this civil matter against Defendant, Wawa, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnancy Discrimination Act ("PDA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**<u>THE PARTIES</u>**

1. Plaintiff is an adult individual residing at the above captioned address.

2. Upon information and belief, Defendant is a chain of convenient stores with a location at

JUL 15 2019

3337 Penn Avenue, West Lawn, PA 19609 and with a corporate headquarters located at Red Roof, 260 W. Baltimore Pike, Wawa, PA 19063.

3. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

5. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

6. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9. Plaintiff exhausted her administrative remedies under Title VII, the PDA and the ADA.

10. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment against Defendant.

11. The Charge was assigned Charge Number 530-2017-01268 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

12. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") by request, dated April 16, 2019. Plaintiff received the Right to Sue notice by mail.

13. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

14. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

15. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

**MATERIAL FACTS**

16. On January 22, 2016, Defendant hired Plaintiff as a Night Shift Supervisor.

17. Defendant had Plaintiff start as a Customer Service Associate ("CSA") until she completed her management training at Defendant.

18. Plaintiff was well qualified for her position and performed well.

19. Upon the start of her employment, Plaintiff noticed that Rocky Manderbach, Shift Manager, was sexually harassing other employees.

20. Mr. Manderbach frequently made sexually inappropriate comments directed to and around female CSAs.

21. In addition, he often offered massages to the young female CSAs, including, but not limited to Kaitlin LNU, and requested that they sit on his lap while working at Defendant.

22. Plaintiff was offended by Mr. Manderbach's inappropriate conduct directed at females.

23. When Fabia Wilson, Shift Supervisor, informed Mr. Manderbach that she was going to have a cigarette break by stating that she was going out for "a quickie", Mr. Manderbach took a poll over the headset with the other employees if Ms. Wilson was referring to a cigarette or sexual intercourse.

24. Ms. Wilson informed Mr. Manderbach that his conduct was inappropriate, but he did not cease his behavior.

25. Mr. Manderbach also made sexually inappropriate comments to Susan Dufner, Night Shift Supervisor, including but not limited to, "Suzy is a virgin and will never get laid," and that Ms. Dufner would not be "so uptight if she got some dick."

26. In or around March 2016, Plaintiff complained to Shawn Strunk, General Manager, in person about Mr. Manderbach's sexual harassment.

27. Mr. Strunk downplayed Plaintiff's complaint of Mr. Manderbach's sexual harassment. Mr. Strunk also instructed Plaintiff not to go to Human Resources with her complaint, and he informed her that he would take care of the situation.

28. However, Mr. Manderbach did not cease his sexual harassment.

29. Approximately two (2) weeks later, Defendant stopped scheduling Plaintiff for her management training.
30. When Plaintiff questioned Mr. Strunk about her management training no longer being scheduled, he replied that there were scheduling issues, but that Defendant would place her back in the training.
31. However, Defendant did not place Plaintiff back in the management training.
32. Approximately two (2) weeks after being removed from Defendant's management training, Plaintiff called Human Resources and made a complaint about Mr. Manderbach's sexual harassment.
33. The Human Resource Representative did not address Plaintiff's complaint and instructed her to let Mr. Manderbach "adjust" in his position as a Shift Manager.
34. However, Mr. Manderbach continued his sexually inappropriate behavior.
35. In or around May 2016, Plaintiff discovered that she was pregnant, and she immediately notified Defendant of her pregnancy.
36. Shortly afterwards, Mr. Manderbach started a rumor that Plaintiff, a married woman, was having an affair with Mr. Wilson and that Plaintiff was carrying Mr. Wilson's baby.
37. Plaintiff was shocked and appalled when she heard this rumor that Mr. Manderbach had started.
38. Due to Defendant's refusal to address Plaintiff's multiple complaints of Mr. Manderbach's sexual harassment, Plaintiff's husband went to Defendant to speak with Mr. Manderbach and requested that he cease his sexually inappropriate conduct.
39. However, after approximately one (1) week, Mr. Manderbach continued his sexual harassment.

40. In or around October 2016, Plaintiff's treating physician at All About Women - Tower Health Medical Group, placed her on the medical restriction of not lifting over 25 lbs. due to her pregnancy.

41. Plaintiff submitted her doctor's note requesting the reasonable accommodation of not lifting over 25 lbs. to Defendant's Human Resource department.

42. Plaintiff could perform the essential functions of her position with this lifting restriction.

43. Upon information and belief, Defendant accommodated other non-pregnant employees' lifting restrictions.

44. However, Defendant refused to provide her with her requested reasonable accommodation and frequently forced her to lift over 25 lbs.

45. One Shift Supervisor even instructed Michael LNU, CSA, not to assist Plaintiff lifting heavy items, stating, "Fuck her. Don't help her and maybe she'll lose her baby."

46. In or around November 2016, Defendant began to cut Plaintiff's scheduled hours from 40 hours per week to 24 hours per week.

47. Plaintiff complained about her reduction in hours, but was told that all employees were technically part-time, despite Plaintiff clearly being hired as a full-time employee.

48. Upon information and belief, other non-pregnant employees did not have their hours reduced.

49. In or around December 2016, Plaintiff began to hear rumors that a new General Manager was coming to Defendant's location and that he had been specifically instructed to terminate Plaintiff.

50. On December 26, 2016, Akim LNU became the new General Manager at Defendant's location.

51. On December 27, 2016, Mike LNU, Assistant General Manager, wrote a resignation letter for Plaintiff and gave it to Alex LNU, Food & Beverage Supervisor, to have Plaintiff sign.

52. Plaintiff refused to sign the resignation letter provided to her by Alex.

53. In or around the beginning of January 2017, Akim forced Ms. Dufner to make a false statement alleging Plaintiff cursed in front of a customer.

54. Plaintiff had not cursed in front of any customer, however.

55. Shortly afterwards, Jessica Batista, CSA, accused Plaintiff and her husband of entering Defendant and proceeding to curse and threaten employees.

56. Plaintiff complained to Ms. Dufner, Ms. Wilson and Akim about Ms. Batista's false allegations. However, Plaintiff's complaints were not addressed.

57. On January 11, 2017, Plaintiff received a letter from Chris Friez, Senior Associate Relations Specialist, stating that Defendant has concluded its investigation into her complaints and that her complaints had been addressed.

58. However, Mr. Friez's letter also stated that the investigation revealed alleged deficiencies to Plaintiff's performance and behavior and that the information had been provided to her manager to review with her.

59. Shortly afterwards, Michael (CSA) reported to Plaintiff that Akim had instructed him not to assist Plaintiff with lifting. Akim was aware of Plaintiff's requested reasonable accommodation of not lifting over 25 lbs.

60. Michael reported to Plaintiff that Akim informed him that if he liked his job and wanted to support his family then he should not help Plaintiff.

61. On February 1, 2017, Akim brought Plaintiff into the office along with Mike (Assistant General Manager).

62. Akim proceeded to terminate Plaintiff for allegedly calling a customer a "wet dog" and cursing in two (2) other instances.

63. Plaintiff did not commit the alleged violations for which she was terminated.

64. At the time of her termination, Plaintiff was approximately seven months pregnant.

65. It is Plaintiff's position that she was sexually harassed and terminated in retaliation for reporting sexual harassment in violation of Title VII, discriminated against due to her pregnancy in violation of the PDA, and denied a reasonable accommodation and retaliated against for requesting a reasonable accommodation in violation of the ADA.

**COUNT I**
**SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

66. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

67. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    b. Such discrimination was severe or pervasive.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affect a reasonable person of the same protected class in Plaintiff's position.

68. The unlawful employment practices outlined above were intentional

69. Plaintiff suffered tangible employment actions as alleged herein.

70. The harasser was a supervisor of Plaintiff.

71. Plaintiff reported the sexual harassment to management on numerous occasions.

72. Defendant knew or reasonably should have known of the sexual harassment.

73. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

74. Indeed, upon information and belief, Defendant failed to discipline the harasser for his misconduct, which caused Plaintiff to be subjected to further harassment.

75. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures.

76. The above described acts of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

77. The extreme and outrageous acts of Defendant merit the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT II**
**SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT**
**PENNSYLVANIA HUMAN RELATIONS ACT**

78. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

79. The foregoing conduct created a sexually hostile work environment for Plaintiff.

80. Plaintiff suffered intentional discrimination because of her sex.

81. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

82. The harasser was a supervisor of Plaintiff.

83. The discrimination detrimentally affected Plaintiff.

84. Plaintiff suffered tangible employment actions as alleged herein.

85. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

86. Defendant knew or reasonably should have known of the sexual harassment.

87. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT III**
**PREGNANCY DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

88. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

89. Plaintiff is a member of a protected class in that she is pregnant.

90. Plaintiff was qualified to perform the job for which she was hired.

91. Plaintiff requested the reasonable accommodation of not lifting over 25 lbs.

92. With this reasonable accommodation, Plaintiff would be able to perform the essential functions of her position.

93. Plaintiff's requested accommodation was reasonable, and it would not impose an undue hardship on Defendant.

94. Upon information and belief, Defendant has accommodated the lifting restrictions of non-pregnant employees.

95. Defendant refused to provide Plaintiff with her requested accommodation.

96. Defendant failed to engage in the interactive process with Plaintiff to determine whether Plaintiff could perform the essential functions of her position with or without a

reasonable accommodation.

97. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

98. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

99. Defendant discriminated against Plaintiff on the basis of her pregnancy.

100. Defendant treated non-pregnant employees better than it treated Plaintiff.

101. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IV**
**PREGNANCY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATION ACT**

102. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

103. Plaintiff is a member of a protected class in that she is pregnant.

104. Plaintiff was qualified to perform the job for which she was hired.

105. Plaintiff requested the reasonable accommodation of not lifting over 25 lbs.

106. With this reasonable accommodation, Plaintiff would be able to perform the essential functions of her position.

107. Plaintiff's requested accommodation was reasonable, and it would not impose an undue hardship on Defendant.

108. Upon information and belief, Defendant has accommodated the lifting restrictions of

non-pregnant employees.

109. Defendant refused to provide Plaintiff with her requested accommodation.

110. Defendant failed to engage in the interactive process with Plaintiff to determine whether Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.

111. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

112. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

113. Defendant discriminated against Plaintiff on the basis of her pregnancy.

114. Defendant treated non-pregnant employees better than it treated Plaintiff.

115. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V**
**RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

116. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

117. Plaintiff engaged in activity protected by Title VII when she complained of sexual harassment internally by reporting the same to managers and Human Resources at Defendant.

118. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, removing her from management training, reducing her hours and termination.

119. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VI**
**RETALIATION**
**<u>PENNSYLVANIA HUMAN RELATIONS ACT</u>**

120. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

121. Plaintiff engaged in activity protected by the PHRA when she complained of sexual harassment internally by reporting the same to managers and Human Resources at Defendant.

122. Plaintiff also engaged in activity protected by the PHRA when she requested the reasonable accommodation of a 25-lb. lifting restriction.

123. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, removing her from management training, reducing her hours and termination.

124. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Amanda Carter, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADA and the PHRA.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: July 15, 2019

By: ______________________

David M. Koller, Esquire (90119)
Sarah R. Lavelle, Esquire (93383)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*

2019 JUL 15 P 5: 41
USDC-EDPA
REC'D CLERK

JS 44 (Rev 06/17) EGS

# CIVIL COVER SHEET

5:19-cv-3081

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
AMANDA CARTER

**DEFENDANTS**
WAWA, INC

MR

**(b)** County of Residence of First Listed Plaintiff BERKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant BERKS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David M Koller, Esquire, Koller Law LLC, 2043 Locust Street, Suite 1-B, Philadelphia, PA 19103, 215-545-8917

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

USDC-EDPA REC'D CLERK 2019 JUL 15 P 5:40

JUL 15 2019

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990

Brief description of cause:
discrimination

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** Over 175,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE
DOCKET NUMBER

DATE
07/15/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

EGS

19-3081

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3305 Wyoming Drive, Sinking Spring, PA 19608

Address of Defendant: 3337 Penn Avenue, West Lawn, PA 19609

Place of Accident, Incident or Transaction: West Lawn, PA 19609

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/15/2019 [signature] *Attorney-at-Law / Pro Se Plaintiff* 90119 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify)*: ______

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*: ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability - Asbestos
- ☐ 9. All other Diversity Cases *(Please specify)*: ______

## ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, David M. Koller, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☑ Relief other than monetary damages is sought.

DATE: 07/15/2019 [signature] *Attorney-at-Law / Pro Se Plaintiff* 90119 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Amanda Carter : CIVIL ACTION

v

WaWa, Inc : NO. 19-3081

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53 2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases ) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| 7/15/19 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-8917 | 215-575-0826 | davidk@kollerlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

2019 JUL 15 P 5:40
USDC-EDPA
REC'D CLERK

JUL 15 2019